UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AHB 7307

CHRISTOPHER A. HENRY,

                Petitioner,

MARTIN MURPHY, D.O.C. Chief,

                Respondent.

AFFIDAVIT IN
RESPONSE TO
ORDER TO SHOW CAUSE

16-CV-05421 (LDH-LB)

COUNTY OF KINGS  ) SS:
STATE OF NEW YORK)

    ANTHEA H. BRUFFEE, being duly sworn, deposes and states as follows:

    1. I am an attorney licensed to practice in the State of New York and an assistant district attorney ("A.D.A.") in the Kings County District Attorney's Office. I submit this affidavit in response to this Court's January 3, 2017 Order to Show Cause why the Kings County District Attorney's Office is not the appropriate party to respond to the above-captioned petitioner, Christopher Henry's application for a writ of habeas corpus.

    2. I make the statements in this affidavit based upon information and belief gained from the records and files of the Kings County District Attorney's Office regarding the case of People v. Christopher Henry, Kings County Indictment Number 8254/2003, and based upon my conversations with A.D.A. Kevin

O'Connell of the Sex Crimes Bureau of the Kings County District Attorney's Office, who was assigned to try the underlying criminal case; and A.D.A. David Kelly of the Alternative Programs/Mental Health Court of the Kings County District Attorney's Office.

### Petitioner's Crimes and Indictment

3. On the afternoon of November 17, 2003, in the victim's Brooklyn apartment, petitioner put a foot-long kitchen knife to the victim's throat, threatened to kill her, and then raped her, forced her to perform oral sex on him and put his mouth on her breast. As the victim struggled, she sustained bruises on her neck and head and cuts on her forehead, hand, and little finger, which required stitches. After the sexual assault, while petitioner was in the bathroom, the victim called 911 and then ran out of the apartment. When the police arrived, they arrested petitioner in the victim's apartment. The victim was taken to Kings County Hospital where she was treated and a rape kit was collected.

4. By Kings County Indictment Number 8254/2003, on December 22, 2003, petitioner was charged with Criminal Sexual Act in the First Degree (New York Penal Law ["P.L."] § 130.50[1]), a class B felony; Criminal Sexual Act in the Third Degree (P.L. § 130.40[3]), a class E felony; Sexual Abuse in the First Degree (P.L. § 130.65[1]), a class D felony (mouth to

breast); Assault in the Second Degree (P.L. § 120.05[6]), a class D felony; and Assault in the Third Degree (P.L. § 120.00[1]), a class A misdemeanor.[1]

5. Petitioner was arraigned on this indictment on January 15, 2004, in New York State Supreme Court ("Supreme Court").

<u>Petitioner's Continuing Unfitness to Proceed to Trial and the Dismissal of His Indictment</u>

6. On January 15, 2004, the Supreme Court ordered petitioner to undergo his first examination pursuant to New York Criminal Procedure Law § 730 ("C.P.L. § 730 exam"), to determine whether defendant, as a result of mental disease or defect, lacked the capacity to understand the proceedings against him or to assist in his own defense.

7. From January 15, 2004 to September 7, 2016, petitioner's criminal case was adjourned numerous times for C.P.L. § 730 examinations and because defendant was repeatedly found unfit to proceed to trial.

8. By order dated September 7, 2016, the Supreme Court (Gubbay, J.), dismissed Kings County Indictment Number 825/2003, pursuant to New York Criminal Procedure Law §§ 730.50(3) and (4), because defendant had been in the custody of the Commissioner of Mental Health at Mid-Hudson Forensic Psychiatric

---

[1] The grand jury returned a no true bill on the charges of first and third-degree rape, first-degree sexual abuse (mouth to penis), second-degree menacing, and fourth-degree criminal possession of a weapon.

Center or Kirby Forensic Psychiatric Center, in excess of four years and eight months, which was more than two-thirds of the maximum sentence for first-degree sex act, the top count in the indictment (Sept. 7, 2016 order [attached]).

9. Defendant is currently in the custody of Mid-Hudson Forensic Psychiatric Center in Orange County, New York. The Commissioner of Mental Health has applied for an order of civil commitment for defendant under Article 9 of New York Mental Hygiene Law.

WHEREFORE, because defendant is no longer in custody pursuant to a Kings County Indictment, the Kings County District Attorney is not the correct party to respond to defendant's petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. For this reason, the Kings County District Attorney's Office requests that this Court vacate its December 9, 2016 Order, that the District Attorney of Kings County Show Cause why petitioner's application for a writ of habeas corpus should not issue.

Dated: Brooklyn, New York
       January 6, 2017

                                ANTHEA H. BRUFFEE
                                Assistant District Attorney
                                718-250-2475

Sworn to before me this
6th day of January, 2017

David A Casona

DAVID A CASONA
Notary Public, State of New York
No. 01CA6298764
Qualified in Kings Co[unty]
Commission Expires March 18, 2018

cc: Mr. Christopher Henry
    Number 701803/1410318739
    Mid-Hudson Forensic Psychiatric Center
    Building No. 2-O.C.U.
    New Hampton, New York 10958

At a Criminal Term, Part 85, of the Supreme Court of the State of New York, County of Kings, on the 7th day of September, 2016

PRESENT:

        Hon. JOSEPH E. GUBBAY
                J.S.C.

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CHRISTOPHER HENRY,

                           Defendant.

<u>ORDER DISMISSING</u>
<u>INDICTMENT</u>

Kings County
Indictment No.
8254/03

IT APPEARING that the above-named defendant is currently under a C.P.L. § 730 Order of Commitment at Mid-Hudson Forensic Psychiatric Center,

AND, it appearing from a review of Certificates of Custody, filed by the Commissioner of Mental Health with the clerk of this Court, that the defendant has been in the custody of the Commissioner of Mental Health at Mid-Hudson Forensic Psychiatric Center or Kirby Forensic Psychiatric Center for a period of time in excess of 1,820 days, which a period of approximately four years and three hundred and sixty days, which is in excess of four years and eight months,

AND, that the top count of the defendant's indictment, after the previous top count of Criminal Sex Act in the First Degree was dismissed in the interests of justice, is currently Sex Abuse in the First Degree, a "D" felony with a maximum term of imprisonment of seven years, two thirds of which term is four years and eight months,

AND, that pursuant to CPL § 730.50 (3) and (4) the court must dismiss the indictment

under which the defendant is committed when the defendant has been in the custody of the Commissioner of Mental Health for more than two thirds of the maximum sentence of the crime for which defendant was indicted, it is hereby

ORDERED, that pursuant to CPL § 730.50 (3) and (4), Kings County Indictment Number 8254/03 is hereby dismissed by operation of law, and it is further,

ORDERED that, pursuant to CPL § 730.70, when a defendant is in the custody of the Commissioner on the date an order such as this dismissing an indictment is served upon the Commissioner, the superintendent of the institution in which the defendant is confined may retain him for care and treatment for a period of thirty days from such date, and if the superintendent determines that the defendant is so mentally ill or mentally defective as to require continued care and treatment in an institution, he may, before the expiration of such thirty day period, apply for an order, or seek any other type of relief, in the manner prescribed in Article 9 of the Mental Hygiene Law, or, if the superintendent does not institute such civil commitment proceedings against the defendant, he may release him from custody.

ENTER

_____
J.S.C.
HON. JOSEPH E. GUBBAY

SEP 0 7 2016

2