

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

CRIMINAL APPEALS &
FEDERAL HABEAS CORPUS BUREAU

January 19, 2017

Magistrate Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:   *Henry v. Murphy*,
                16-CV-5421

Your Honor:

    I am an Assistant Attorney General in the office of Eric T. Schneiderman, Attorney General of the State of New York. On December 8, 2016, this Court ordered the Attorney General to respond to a federal habeas petition filed by Christopher Henry ("petitioner") against an employee of the New York City Department of Corrections ("NYC DOC"), Martin Murphy. For the reasons discussed below, the Attorney General will not answer the petition.

    On August 6, 2016, petitioner filed a *pro se* petition for a writ of habeas corpus in this Court.[1] In the petition, petitioner states that he

---

[1] Under the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed the date it is delivered to prison authorities for forwarding to the district court. *See Fernandez v. Artuz*, 402 F.3d 111,

is a pre-trial detainee, incarcerated at Riker's Island, a NYC DOC facility, and identifies Mr. Murphy as the respondent. (Doc. 1 at 1.) Petitioner claims to have been unlawfully held by NYC DOC for 13 years without a trial. (Doc. 1 at 6-9.)

On December 8, 2016, this Court ordered the Attorney General and the Kings County District Attorney ("KCDA"), as attorneys for respondent, to answer the petition. (Doc. 6.) However, the Attorney General represents neither NYC DOC nor Mr. Murphy.

On January 6, 2017, KCDA informed this Court that it was not the proper party to answer the petition. (Doc. 7, 8.) KCDA stated that petitioner had been released from the custody of NYC DOC on September 6, 2016, and committed to the custody of the New York State Office of Mental Hygiene ("OMH"). Therefore, KCDA asserted that the Attorney General, as counsel for OMH, should respond to the petition.

KCDA is mistaken. "In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (citing 28 U.S.C. § 2254[a]; *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). As KCDA notes (Doc. 8, ¶ 7), petitioner was in NYC DOC custody, awaiting trial on a Kings County indictment, when he filed the petition. Therefore, the petition is properly brought against Mr. Murphy, and his legal representative should answer the petition.[2]

In sum, there is no reason why the Attorney General as counsel to OMH should appear on behalf of NYC DOC since petitioner's claims relate to his pre-trial incarceration, not to the subsequent OMH proceeding, and petitioner was not in OMH custody when he filed the

---

113 (2d Cir. 2005). Petitioner states that he gave his petition to prison authorities on August 6, 2016. (Doc. 1 at 14.)

[2] The petition may be, but is not necessarily, mooted by petitioner's post-filing release from NYC DOC custody. *See, e.g., Munck v. Amoia*, 9:16-CV-0118, 2016 U.S. Dist. LEXIS 106831, at *2, n.2 (N.D.N.Y. Aug. 12, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 12 (1998)).

petition. Accordingly, whoever would represent NYC DOC in this action should answer the petition.[3]

Thank you for your consideration.

                                                Respectfully submitted,

                                                ___/s/_____
                                                Michelle Maerov
                                                Assistant Attorney General
                                                Michelle.Maerov@ag.ny.gov

---

[3] Respondent does not know whether KCDA would represent Mr. Murphy.

Page 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CHRISTOPHER HENRY,                           :
                                             :
             Petitioner,             :
                                             :
         -against-                   :      16-CV-5421
                                             :
MARTIN MURPHY,                               :
                                             :
             Respondent.             :
---------------------------------------------------------------x

## DECLARATION OF SERVICE

     MICHELLE MAEROV declares under penalty of perjury that on January 19, 2016, she served letter request to be relieved from the order to answer and the unpublished case cited therein by having it mailed to petitioner via the United States Postal Service at the following address:

> Christopher A. Henry
> 701803/1410318739
> Mid-Hudson Forensic Psychiatric Center
> Bldg. #2 - O.C.U.
> New Hampton, NY 10958

     I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 19, 2017

> /s/ Michelle Maerov
> Michelle Maerov
> Assistant Attorney General